AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| United States of America | ) |
| v. | ) |
|  | )   Case No.   4:15CR00392 JAR/DDN |
| NATHAN JOSEPH GRUND | ) |
| *Defendant* | ) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense  ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed  -  that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the  ☐ date of conviction  ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____ .

☐ under 18 U.S.C. § 924(c).

---

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

The undersigned incorporates by reference the Pretrial Services report (PTR) in this matter submitted to the Court on August 28, 2015.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by  ☒  clear and convincing evidence  ☐ a preponderance of the evidence that

no condition or combination of conditions will reasonably assure the safety of another person or the community. Defendant is charged with one count each of transportation of child pornography; possession of child pornography and attempted enticement of a minor.  The government moved for detention, and the undersigned held a hearing on that motion on August 28, 2015.  Defendant proffered that he has no criminal history and that he was released on bond in February 2015 on the related state charges.  He turned himself into federal custody when directed to do so by federal law enforcement, and he has voluntarily turned over his passport.  Defense counsel argued that investigators did not consider defendant to be a significant danger to the community, given the decision that they did not seek a federal complaint at the time of his prior arrest.  Defendant also noted that he has a supportive family.  His parents appeared in the courtroom. Defendant has a stable residence and work history and he can reside with his parents, if ordered to do so.  The government argued that the presumption of detention applied in this case, given the allegations of a crime of violence against children and the mandatory minimum applicable to Count One.  (Continued on page 3).

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: 9/9/2015

Noelle C. Collins
*Judge's Signature*

U.S. Magistrate Judge
*Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

The government took the position that defendant has not defeated the presumption of detention given the allegations and his alleged sexual contact with a 13-year-old female. The latter allegation is not charged in the pending case. The government argued that defendant was a danger, in part, however, because of the nature of offense, which involved contact with an adult undercover agent who is alleged to have offered defendant the opportunity to have sex with her 14-year-old daughter. Defendant is alleged to have come to the meeting place with child pornography after having sent child pornography to the undercover agent during the online chat.

Additionally, upon arrest, defendant is alleged to have made statements to law enforcement regarding his possible sexual contact with a 13-year-old girl unrelated to the pending case. The circumstances of this alleged sexual encounter are said to have occurred after defendant gave the girl a ride to a local shopping mall. Investigators found and interviewed the girl after searching defendant's telephone. The girl denied the encounter, although investigators note that she cried during the interview of her.

Defendant has no criminal history other than the related state charges to the pending case.

The Pretrial Report recommends that defendant be detained because he is both a risk of flight and a danger to the community. The government did not argue that defendant is a flight risk and defendant argued that his uncle living in Scotland does not make him a flight risk to go there. The court agrees that defendant is not such a risk of flight such that he should be detained for this reason. He has strong ties to the community and a limited criminal history. Rather, I find that defendant poses a serious risk of danger to the community. Therefore, his argument that he would agree to submit to electronic monitoring does not prevent the risk of danger he poses, given his access to computers at home and at work, and the nature of the crimes charged. A grand jury indictment "'conclusively determines the existence of probable cause' to believe the defendant perpetrated the offense alleged." Kaley v. United States, 134 S.Ct. 1090, 1097-98 (2014) (citations omitted). The court's consideration of the evidence derived from the investigation in this case is not intended to reflect upon the ultimate determination of defendant's innocence or guilt. 18 U.S.C. § 3142(j). Quite simply, the Court must assess the weight of the evidence against defendant.

Moreover, defendant has a history of mental health concerns and he has stopped taking medications prescribed by a psychiatrist of his own volition. There also exists the possibility that the 13-year-old discussed above could be a witness against defendant in some subsequent proceeding and he knows how to contact her. Based on all the above, defendant should be detained and his willingness to be supervised by the Court does not overcome the serious risk of danger that he presents. Therefore, defendant should be detained.